UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHAWN LAWRENCE DESAUTEL; TAMARA DESAUTEL DAVIS; TONIA RENE DESAUTEL,

Plaintiff,

v.

ANITA B. DUPRIS, in her individual capacity; DENNIS L. NELSON, in his individual capacity; GARY F. BASS, in his individual capacity; TRUDY FLAMMAND, in her individual capacity; STEVEN D. AYCOCK, in his individual capacity; LEE ADOPH, in his individual capacity; TED BESSETTE, in his individual capacity; TERRY FINLEY, in his individual capacity; MARGIE HUTCHINSON, in her individual capacity; JEANNE JERRED, in her individual capacity; ANDY JOSEPH, in his individual capacity; GENE JOSEPH, in his individual capacity; CHERIE MOOMAW, in her individual capacity; BRIAN NISSEN, in his individual capacity; DOUG SEYMOUR, in his individual capacity; VIRGIL SEYMOUR, in his individual capacity; THOMAS W. CHRISTIE, in his individual capacity; TIMOTHY W. WOOLSEY, in his individual capacity; JULIANA C. REPP, in her individual capacity; WAYNE SVAREN, in his individual capacity; COLVILLE BUSINESS COUNCIL; COLVILLE TRIBAL COURT,

Defendants.

NO. CV-11-0301-EFS

**ORDER DENYING PLAINTIFFS' MOTIONS, GRANTING AND DENYING IN PART DEFENDANTS' MOTION, ENTERING JUDGMENT, AND CLOSING FILE**

Before the Court, without oral argument, are Plaintiffs' Motion to Strike Defendants' Notice of Appearance, ECF No. 3, Plaintiffs' Motion for Sanctions, ECF No. 6, and Defendants' Motion to Dismiss, ECF No. 13. After reviewing the filed material and relevant authority, the Court is fully informed. For the reasons given below, the Court denies Plaintiffs' motions and grants and denies in part Defendants' motion: judgment is entered in Defendants' favor.

**A. Background**

Plaintiffs Shawn DesAutel, Tamara Davis, and Tonia DesAutel filed this pro se lawsuit on August 16, 2011. The essence of Plaintiffs' ninety-two-page Complaint and accompanying 439-pages of exhibits, ECF No. 1, is that the Colville Tribal Court and Business Council and individuals with those entities ("Individual Defendants") (collectively "Defendants") violated Plaintiffs' U.S. constitutional rights 1) by granting them adopted tribal membership rather than enrolled tribal membership, 2) through the process used to deny enrolled tribal membership, and 3) by requiring Mr. DesAutel to pay the Colville Business Council's attorneys fees and costs incurred as a result of his tribal-court lawsuits. Although Plaintiffs are treated as adopted tribal members, Plaintiffs seek enrolled tribal membership: enrolled tribal membership will allow Plaintiffs to receive additional tribal per capita payments. Plaintiffs ask the Court to set aside the Colville Business Council and Colville Tribal Court's decisions and orders and find that Plaintiffs are entitled to enrolled tribal membership and receipt of the accompanying per capita payments.

The instant three motions followed the Complaint's filing.

**B. Plaintiffs' Motion to Strike**

Plaintiffs contend that defense counsel Everett B. Coulter, Jr.'s August 19, 2011 appearance, ECF No. 2, in this matter was premature and ineffective because Plaintiffs had not yet completed service on all of the Individual Defendants, including Wayne Svaren, David Bonga, and Dennis Nelson.

Local Rule 83.2(d)(1) allows an attorney to appear by filing a formal notice of appearance. Mr. Coulter did so. ECF No. 2. Neither the Federal Rules of Civil Procedure nor the Local Rules require counsel to wait to file a notice of appearance until after the client has been served. *See Kiro v. Moore*, 229 F.R.D. 228 (D.N.M. 2005) (recognizing that an attorney may enter an appearance on a client's behalf before that client was properly served). Although counsel typically file a notice of appearance after the client is served, a client may learn of a lawsuit through means other than service and request his lawyer appear for him before service is completed. There being no objection by any Defendant to Mr. Coulter's appearance on their behalf, the Court denies Plaintiffs' motion to strike.

**B. Plaintiffs' Motion for Sanctions**

Plaintiffs ask the Court to sanction the Individual Defendants who filed a waiver-of-service form that was prepared by their own counsel rather than the waiver-of-service form sent by Plaintiffs. Under the circumstances, the Court declines to impose Rule 11 sanctions. There is no evidence that the Individual Defendants utilized their own waiver-of-service-of-summons form for any improper purpose, to cause unnecessary delay, or to needlessly increase the litigation costs. Instead, the

Individual Defendants utilized their own form in order to decrease litigation costs and move the litigation along. Accordingly, Plaintiffs' motion is denied.

**C. Defendants' Motion to Dismiss**

Defendants ask the Court to dismiss this lawsuit because 1) the Court lacks subject matter jurisdiction over this lawsuit concerning an intramural tribal matter for which Defendants enjoy sovereign immunity, 2) the Complaint fails to comply with Federal Rule of Civil Procedure 8(a) requirements, and 3) the Complaint fails to allege a claim upon which relief can be granted as required by Rule 12(b)(6) because Plaintiffs fail to state a federal question and satisfy the fraud-pleading requirements. The Court addresses each of these arguments.

1. Subject matter jurisdiction

First, Plaintiffs suggest the question of subject matter jurisdiction is intertwined with the merits of their allegations and, therefore, the Court should deny Defendants' motion at this time because there are genuine issues of material fact relating to Plaintiffs' allegations, citing to *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (unpublished opinion). The Court disagrees. The Court can resolve the question of subject matter jurisdiction without addressing the merits of Plaintiffs' allegations. Therefore, the Court now turns to answer whether it has subject matter jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 371 (1978) (emphasizing that a federal court is a court of limited jurisdiction and therefore it must have subject matter jurisdiction).

This Court has subject matter jurisdiction over two categories of disputes: 1) cases involving diversity-of-citizenship jurisdiction

pursuant to 28 U.S.C. § 1332; and 2) cases involving federal-question jurisdiction, encompassing those disputes "arising under the Constitution, laws or treaties of the United States," *id.* § 1331. Plaintiffs do not suggest that diversity-of-citizenship jurisdiction is present; rather in the Complaint, Plaintiffs identify 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 241 as the bases for federal-question jurisdiction.[1] And in their response, Plaintiffs emphasize that they are not relying on the Indian Civil Rights Act or Indian Gaming Regulatory Act as a basis for federal-question jurisdiction.

The federal statutes relied on by Plaintiffs do not provide this Court with federal-question jurisdiction given the Complaint's allegations. Although §§ 1983 and 1985 can serve as a basis for federal-question jurisdiction, Plaintiffs' allegations do not involve action taken under the color of state law; rather the Complaint alleges actions taken under the color of tribal law. Neither §§ 1983 nor 1985 extend to provide a civil action for deprivation of rights by an individual acting under color of tribal law. *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) ("[A]ctions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law."). In addition, 18 U.S.C. § 241 is a criminal statute that does not provide an individual private cause of action. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968). Accordingly, the Court grants Defendants' motion to dismiss because it lacks subject matter jurisdiction. *See Alvarado v. Table Mountain*

---

[1] In their response, Plaintiffs acknowledge the Complaint erroneously cites to 18 U.S.C. § 1985 rather than 18 U.S.C. § 241.

*Rancheria*, 509 F.3d 1008, 1011 (9th Cir. 2007) (dismissing lawsuit for lack of subject matter jurisdiction).

Even if there was a federal statute or law providing this Court with federal-question jurisdiction, the Court finds dismissal is also required because Defendants' tribal sovereign immunity has not been waived. Plaintiffs appear to acknowledge that, in order for this Court to have subject matter jurisdiction over Defendants, there must be a waiver of tribal sovereign immunity because, absent an express waiver by Congress, Indian tribes possess immunity from suit.[2] *See Santa Clara Pueblo v. Martinez* ("*Santa Clara*"), 436 U.S. 49, 58 (1978); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). In addition, tribal agencies, instrumentalities, and individuals acting within their official capacity, such as the Colville Business Council, Colville Tribal Courts, and the Individual Defendants, are also protected by tribal sovereign immunity. *See Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991); *Wright v. Colville Tribal Enter. Corp.*, 159 Wn.2d 108, 113-14 (2006). Plaintiffs seem to argue that tribal sovereign immunity does not extend to the Individual Defendants; however, the exhibits attached to the Complaint clearly identify that the Individual Defendants were acting within their official

---

[2] The Supreme Court has recognized,

> Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government. Although no longer 'possessed of the full attributes of sovereignty,' they remain a separate people, with the power of regulating the internal and social relations.' They have power to make their own substantive law in internal matters, and to enforce that law in their own forums.

*Santa Clara Pueblo*, 436 U.S. at 55-56 (citations omitted).

capacity. Accordingly, absent an "unequivocally expressed" waiver, tribal sovereign immunity will prevent this Court from hearing this lawsuit. *See Santa Clara*, 436 U.S. at 58; *Okla. Tax Comm'n v. Citizen Band Potawatamoi Indian Tribe*, 498 U.S. 505, 509 (1991); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479 (9th Cir. 1985). And there is a strong presumption against waiving tribal sovereign immunity. *Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 419 (9th Cir. 1989).

There is no contention that Congress has waived Defendants' tribal sovereign immunity. Rather, Plaintiffs ask the Court to find an exception to *Santa Clara* because Defendants acted fraudulently and not in compliance with the tribal code's processes when issuing their decisions and orders, including the order requiring payment of attorneys fees and costs by Mr. DesAustel. The Court acknowledges that Plaintiffs are disappointed and frustrated with Defendants' decisions; however, tribal membership is an internal tribal matter for which the Colville tribe has laws that it may enforce in its own forum. *See Santa Clara*, 436 U.S. at 55-56. And Congress has not expressly limited, modified, or eliminated the Colville tribe's authority in this regard. Although Plaintiffs contend that Defendants' actions were arbitrary and unjust, this Court will not interfere with the procedures established by the Colville tribe to address tribal membership matters, as such interference "plainly would be at odds with the congressional goal of protecting tribal self-government." *Santa Clara*, 436 U.S. at 64.

In sum, the Court lacks subject matter jurisdiction because there is no federal-question jurisdiction and tribal sovereign immunity protects Defendants from Plaintiffs' allegations relating to an intramural tribal matter. Finally, even if this Court had jurisdiction

over this lawsuit, this Court would decline to hear Ms. Davis' and Ms. DesAutel's claims because they did not exhaust their tribal remedies. *See Boozer v. Wilder*, 381 F.3d 931, 935-37 (9th Cir. 2004) (recognizing that exhaustion is a matter of comity).

2. Rule 8(a)

Defendants also ask the Court to dismiss the ninety-two page Complaint on the grounds that it violates Rule 8(a)'s short-and-concise requirement. Plaintiffs submit that their Complaint is an appropriate length given that they were required to summarize a number of tribal court matters that spanned more than five years. Because a Court is required to provide certain latitude to the pleadings filed by a pro se and because the Complaint, while lengthy, identifies the claims brought by Plaintiffs and the allegations supporting the claims, the Court denies Defendants' motion for lack of compliance with Rule 8(a).

3. Rule 12(b)(6)

The Court addressed the majority of Defendants' failure-to-state-a-claim arguments above in connection with the federal-question discussion. Yet Defendants also sought dismissal of Plaintiffs' fraud claim, if one was so pled, because the fraud allegations fail to comply with Rule 9(b) requirements. In their response, Plaintiffs do not identify that they are pursuing a fraud claim. Accordingly, the Court denies Defendants' motion as moot on this basis. Regardless, the Court would not have jurisdiction to hear this state-court claim.

**D. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Strike Defendants' Notice of Appearance, **ECF No. 3**, is **DENIED.**

2. Plaintiffs' Motion for Sanctions, **ECF No. 6**, is **DENIED.**

3. Defendants' Motion to Dismiss, **ECF No. 13**, is **DENIED** (Rule 8(a) **and GRANTED** (otherwise).

4. **Judgment** shall be entered in Defendants' favor.

5. All hearing dates are **STRICKEN**.

6. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiffs and counsel.

**DATED** this 21st day of October 2011.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\0301.strike.appear.lc1.wpd